U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 AUG -4  AM 11: 34

CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| SPRINGFIELD HOSPITAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:09-cv-254 |
| ) | |
| ROBERT HOFMANN, Secretary, ) | |
| Vermont Agency of Human Services, ) | |
| and SUSAN BESIO, Director, ) | |
| Office of Vermont Health Access, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
(Docs. 92, 96)

This matter came before the court on June 27, 2011 for oral argument on the parties' cross-motions for summary judgment. Springfield Hospital ("Plaintiff") seeks summary judgment on its requests for declaratory and injunctive relief, and its state law claim. (Doc. 92.) Robert Hofmann, Secretary of the Vermont Agency of Human Services, and Susan Besio, Director of the Office of Vermont Health Access (collectively, "Defendants"), in turn, seek summary judgment because Plaintiff's declaratory and injunctive relief claims are not independent legal claims, and therefore the only claim that remains in this lawsuit is Plaintiff's state law claim, which must be dismissed because it is barred by the Eleventh Amendment. (Doc. 96.)

Plaintiff is represented by Michael A. Duddy, Esq. Defendants are represented by Assistant Vermont Attorneys General David R. Cassetty and Jana M. Brown.

I.      **Factual and Procedural Background.**

In November 2009, Plaintiff filed a Complaint, contending that Defendants made unauthorized and unlawful adjustments to Plaintiff's Disproportionate Share Hospital ("DSH") payments under Vermont's Medicaid State Plan ("State Plan"). In particular, Plaintiff asserted that, in Fiscal Year 2010 ("FY 2010"), Defendants did not pay Plaintiff according to the DSH payment methodology that had been approved in 2008 and was then currently in effect, but rather paid it according to a new methodology that had not been approved (at the time Plaintiff filed suit) which cut Plaintiff's DSH payment by $1.2 million from the previous year.

The Complaint alleged violations of: (1) federal Medicaid DSH procedural requirements, pursuant to 42 U.S.C. § 1396a(a)(13), § 1396a(a)(30), § 1396r-4, and related federal regulations, including 42 C.F.R. § 447.205; (2) federal Medicaid DSH substantive protections, pursuant to 42 U.S.C. § 1396a(a)(30), § 1396r-4, and related regulations; (3) 42 U.S.C. § 1983; (4) the Due Process Clause of the U.S. Constitution; (5) the Supremacy Clause of the U.S. Constitution; and (6) Vermont law, including: § 7201.2 of Vermont's Medicaid Rules; the Vermont Administrative Procedure Act ("VAPA"); Section 4.19 of the State Plan; and 33 V.S.A. §§ 1901 and 1905. The Complaint's Prayer for Relief included two requests for declaratory relief (¶¶ B, C) and two requests for injunctive relief (¶¶ E, F), as well as a request for costs and attorney's fees pursuant to 42 U.S.C. § 1988(b).

Defendants filed a motion to dismiss arguing, *inter alia*, that the Eleventh Amendment barred the suit, and that Plaintiff did not state a claim under § 1983, the federal Medicaid statutes, the Due Process Clause, and the Supremacy Clause. Plaintiff responded that the Eleventh Amendment did not bar the suit, as it had several grounds upon which it could obtain prospective relief, including under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"). On April 9, 2010, the court granted in part and denied in part Defendants' motion to dismiss. *See Springfield Hosp. v. Hof[]man[n]*, 2010 WL 3322716 (D. Vt. Apr. 9, 2010). The court found that Plaintiff had no private right of action under 42 U.S.C. §§ 1396a(a)(13)(A), (30)(A), or 1396r-4. It also held that

Plaintiff failed to state a claim based on these statutory provisions pursuant to 42 U.S.C. § 1983. The court dismissed Plaintiff's federal causes of action (Counts I-V), but did not dismiss Plaintiff's state law claim (Count VI) because the parties raised no argument for or against dismissal. The court also dismissed one of the requests for declaratory relief and one of the requests for injunctive relief (¶¶ B, F) on the ground that Plaintiff sought retroactive monetary relief barred by the Eleventh Amendment. The court denied Defendants' motion to dismiss the remaining requests for declaratory and injunctive relief (¶¶ C, E) on the ground that Plaintiff sought prospective relief that was not barred by the Eleventh Amendment.[1]

Based upon certain undisputed facts, Plaintiff asks the court to declare, among other things, whether Plaintiff had actual notice of the new DSH payment methodology for FY 2010, whether the public notice of that new methodology complied with 42 C.F.R. § 447.205, and when the new methodology had actually been determined.

## II. Analysis and Conclusions of Law.

### A. Standard of Review.

A party is entitled to summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

---

[1] The remaining prayer for declaratory relief provides:

> That the [c]ourt declare the [new] DSH Payment Methodology violates federal and state statutes and regulations and is contrary to law, null, void, and cannot be used as the basis to calculate, limit, or cut Springfield Hospital's DSH payments.

(Doc. 1, Prayer for Relief ¶ C.) The remaining prayer for injunctive relief provides:

> That the [c]ourt provide permanent injunctive relief ordering the Defendants to calculate the Hospital's SFY 2010 DSH funding according to the DSH payment methodology approved by CMS on October 9, 2009 and contained in Vermont's Medicaid State Plan.

(Doc. 1, Prayer for Relief ¶ E.)

3

(1986) (quoting former Fed. R. Civ. P. 56(c), now Rule 56(a)). A fact is "material" if it "might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.; see also Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004). "On cross-motions for summary judgment, the [c]ourt applies the rule that 'each party's motion must be examined on its own merits,' with all reasonable inferences drawn against the movant." *In re M/V RICKMERS GENOA Litig.*, 2011 WL 2118743, at *2 (S.D.N.Y. May 26, 2011) (quoting *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001)).

### B. Viability of the Prayers for Declaratory and Injunctive Relief.

In its motion, Plaintiff focuses on the many ways in which Defendants allegedly ran afoul of the notice requirements contained in 42 C.F.R. § 447.205 when they changed the DSH payment methodology for FY 2010. This federal regulation, entitled "Public notice of changes in Statewide methods and standards for setting payment rates," provides that the state agency responsible for administering the State Plan "must provide public notice of any significant proposed change in its methods and standards for setting payment rates for services." It then sets forth the information that the notice must contain and how it is to be published. 42 C.F.R. § 447.205(a), (c), (d). Although Plaintiff clearly identifies concerns regarding how the DSH payment methodology came to be changed, this court must first decide whether it should reach those claims in the absence of a federal cause of action.

The DJA provides a remedy, not a cause of action. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997) ("The DJA is procedural in nature, and merely offers an *additional remedy* to litigants.") (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). Similarly, a request for injunctive relief is not a separate cause of action. *See Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406-07 (S.D.N.Y. 2010) ("Declaratory judgments and injunctions are remedies, not causes of action.") (citations omitted). Accordingly,

> a request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S. Ct. 876, 879–80, 94 L. Ed. 1194 (1950). In fact, the statute authorizing the declaratory judgment remedy explicitly incorporates the Article III case or controversy limitation. *See* 28 U.S.C. § 2201 (1988) ("In a case of actual controversy within its jurisdiction. . . ."); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40, 57 S. Ct. 461, 463–64, 81 L. Ed. 617 (1937). The Declaratory Judgment Act does not expand jurisdiction. *Skelly Oil*, 339 U.S. at 671, 70 S. Ct. at 878. *Nor does it provide an independent cause of action.* Its operation is procedural only—to provide a form of relief previously unavailable. *Aetna Life Ins. Co.*, 300 U.S. at 240, 57 S. Ct. at 464. *Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief.*

*In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993) (emphasis supplied); *see also Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("An injunction is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed—if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise.") (citation and internal quotation marks omitted).

Plaintiff relies on *Karp*, a case decided four years after *Asbestos Litig.*, for the following proposition: "[T]he ultimate authority to grant declaratory relief in a case rests with the DJA itself, whether or not the claim for declaratory relief is brought solely under the DJA or is added to claims for relief brought under other auspices." *Karp*, 108 F.3d at 21.[2] However, no cases in this Circuit, or elsewhere, have followed *Karp*'s lead in ostensibly allowing DJA claims for relief to stand on their own, rather than as "added to claims for relief brought under other auspices." *Id.* To the contrary, the distinct trend in the law is to hold that the DJA does not create a separate cause of action. *See, e.g., Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) (stating that the DJA "does not create an independent cause of action"); *Okpalobi v. Foster*, 244 F.3d 405, 424 n.31 (5th Cir. 2001) (noting that the DJA "does not provide an additional cause of action with respect to

---

[2] This is dicta as it merely describes a DJA claim in the context of an interpleader action to explain the Supreme Court's then-recent holding in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

5

the underlying claim."); *Kesselman v. The Rawlings Co., LLC*, 668 F. Supp. 2d 604, 610 (S.D.N.Y. 2009) (quoting *Asbestos Litig.* for holding that DJA does not provide an independent cause of action); *Wyly v. CA, Inc.*, 2009 WL 3128034, at *15 (E.D.N.Y. Sept. 29, 2009) (same) (citing cases); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 247 F.R.D. 420, 422-23 (S.D.N.Y. 2007) (opining that "declaratory relief is not a claim but only a remedy that Congress has created. . ." and that the claim, or the legal theory under which relief is sought "must be based on other laws that the defendant allegedly violated in order to receive [declaratory] relief."). *Karp* itself acknowledges that the DJA "is procedural in nature" and "merely offers an *additional remedy*[.]" *Karp*, 108 F.3d at 21.

The same rationale applies to injunctions. *See, e.g., Warren v. Rodriguez-Hernandez*, 2010 WL 3668063, at *3 (N.D. W. Va. Sept. 15, 2010) ("A request for injunctive relief does not constitute an independent cause of action; rather, the injunction is merely the remedy sought for the legal wrongs alleged in the . . . substantive counts.") (citations and internal quotation marks omitted); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action."); *Plan Pros, Inc. v. Zych*, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) ("[N]o independent cause of action for injunction exists[.]").

Plaintiff's remaining declaratory and injunctive prayers for relief ask the court to redress the alleged wrongs wrought by Defendants' use of the new DSH methodology which cut payments to Plaintiff by $1.2 million. However, no substantive federal claim remains upon which Plaintiff can base its requests for declaratory and injunctive relief. *See Porat v. Lincoln Towers Cmty. Ass'n*, 2005 WL 646093, at *7 (S.D.N.Y. Mar. 21, 2005) ("Here. . . all of Plaintiff's federal claims are dismissed . . . Because there is no other basis for federal jurisdiction, the declaratory judgment claim is dismissed.").[3] The only remaining substantive cause of action that has not been dismissed is Plaintiff's state

---

[3] Plaintiff argues that the court did, and apparently should continue to, exercise its discretion in the public interest by keeping these equitable "claims" in the lawsuit.

law claim (Count VI). Thus, what remains of Plaintiff's declaratory prayer for relief is a request to declare the Plaintiff's rights under *state* law.

### C. The State Law Claim: Whether the Court Should Exercise Supplemental Jurisdiction.

In Count VI of its Complaint, Plaintiff alleges that Defendants "violated Vermont law by changing the DSH payment methodology through actions, processes, procedures and/or the adoption of rules inconsistent with the requirements set forth in Title XIX of the Social Security Act, Vermont's Medicaid rules and regulations, [VAPA], and Vermont's Medicaid State Plan." (Doc. 1 ¶ 175.) Plaintiff argues that, through its State Plan, Vermont agreed to administer the DSH program according to the Medicaid Act and applicable federal regulations, and any violation of the Medicaid Act and regulations constitutes a violation of Vermont law.

Plaintiff also asserts that § 7201.2 of Vermont's Medicaid Rules required Defendant Besio to determine the amount of funds to be distributed among qualifying hospitals pursuant to the approved method set forth in the 2008 Medicaid State Plan. It adds that, until May 26, 2010 (the date when the Centers for Medicare and Medicaid Services retroactively approved the amendment to the State Plan containing the new DSH payment methodology), the only approved method for making DSH payments was the FY 2008 methodology. Plaintiff points out that the State was required to amend § 7201.2 under the VAPA, 3 V.S.A. §§ 831(a) and 836-843, in order to have legally proceeded under Vermont law, which it did not do. It concludes that Defendant Besio violated Vermont's Medicaid law by using the FY 2010 DSH payment methodology to pay Plaintiff, rather than the methodology contained in the 2008 State Plan. In addition, Plaintiff contends that Defendants violated 33 V.S.A. §§ 1901(a)(1) and 1905[4] by failing to administer the DSH program according to the Medicaid Act and applicable

---

[4] 33 V.S.A. § 1901(a)(1) provides: "The secretary of human services or designee shall take appropriate action, including making of rules, required to administer a medical assistance program under Title XIX (Medicaid) and Title XXI (SCHIP) of the Social Security Act." 33 V.S.A. § 1905 provides: "The secretary of human services shall adopt a disproportionate share program for hospitals consistent with the requirements of Title XIX of the Social Security Act."

regulations. Plaintiff's state law claim includes a request for relief under the Vermont Declaratory Judgment Act, 12 V.S.A. § 4711.

With the federal claims dismissed, the court addresses whether it should continue to exercise supplemental jurisdiction over this case. Although Defendants argue that the Eleventh Amendment bars Plaintiff's remaining state law claims, a court must first determine whether to exercise supplemental jurisdiction before it determines whether the Eleventh Amendment requires dismissal of Plaintiff's claims. *Cf. Melrose v. N.Y. State Dep't of Health Office of Prof'l Med. Conduct*, 2009 WL 211029, at *10 (S.D.N.Y. Jan. 26, 2009) (stating that "the grant of supplemental jurisdiction given by 28 U.S.C. § 1367(a) does not constitute a congressional abrogation of the states' Eleventh Amendment immunity.") (citations omitted).

A district court may decline to exercise supplemental jurisdiction over a state claim, if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Section 1367(c) "confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise[.]" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

The general practice in this circuit is that "if a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) (internal quotation marks and citation omitted); *see also Edmonds v. Seavey*, 379 F. App'x 62, 64 n.1 (2d Cir. 2010) ("As there existed no independent basis for subject matter jurisdiction over appellant's remaining state law claims, the district court was well within its discretion to decline to exercise supplemental jurisdiction over those claims.") (citing *Matican v. City of New York*, 524 F.3d 151, 154-55 (2d Cir. 2008)); *S & R Dev. Estates, LLC v. Bass*, 588 F. Supp. 2d 452,

464 (S.D.N.Y. 2008) (dismissing all federal claims, declining to exercise supplemental jurisdiction over state claims, and declining to exercise jurisdiction over plaintiff's request for declaratory relief which arose under state law).

As the Supreme Court explained in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), where "all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Id.* at 350 n.7; *see id.* at 350 ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966)).

Although this case is not in its early stages, it is also not on the eve of trial, and the parties' cross-motions for summary judgment represent the first time that Plaintiff's state law claim has been addressed. Comity is better served by having a state court decide the many state law questions that Plaintiff poses.[5] "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law," and state law claims should be "left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726, 726-27; *see also Locantore v. Hunt*, 2011 WL 1326015, at *6 (S.D.N.Y. Mar. 31, 2011) ("Plaintiff's federal claims are all dismissed prior to trial, and there is no reason to believe that judicial economy, convenience, or fairness would be served by this [c]ourt exercising supplemental jurisdiction over [p]laintiff's state law claims, and to do so would be inconsistent with the principle of comity.").

---

[5] In particular, there is no state jurisprudence concerning whether the VAPA applies to Medicaid rules, whether 33 V.S.A. § 1901(a)(1) applies to rulemaking procedures that amend the State Plan, or whether a Medicaid provider has a private right of action under §§ 1901 and 1905 or § 4.19(j) of the State Plan.

Finally, although the court notes the potential inconvenience to Plaintiff in re-litigating its state law claims in state court, this inconvenience must give way in face of the conclusion that Vermont's state courts are the more appropriate forum. This conclusion is underscored by Defendants' arguably persuasive argument that the Eleventh Amendment bars litigation of those state law claims in federal court. The court, however, need not address that argument, because it has concluded that supplemental jurisdiction should be declined.

## CONCLUSION

For the foregoing reasons, the court finds that the declaratory judgment and injunctive prayers for relief do not constitute independent causes of action; that all the federal claims in this case have been dismissed. The court declines to exercise supplemental jurisdiction over Plaintiff's state law claim, pursuant to 28 U.S.C. § 1367(c)(3), which is dismissed without prejudice.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 4th day of August, 2011.

Christina Reiss, Chief Judge
United States District Court